**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Penn Square Bank, N.A., Plaintiff-Appellee,**

v.

**Robert C. VAN LAANEN, Defendant-Appellant.**

No. 85–1050.

United States Court of Appeals, Tenth Circuit.

Aug. 7, 1985.

G. Timothy Armstrong, Oklahoma City, Okl., for defendant-appellant.

Charles V. Wheeler, Gable & Gotwals, Inc., Tulsa, Okl., for plaintiff-appellee.

Before McKAY, LOGAN and MOORE Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a), Tenth Circuit R. 10(e). The cause is therefore submitted without oral argument.

The issue in this case is whether the district court erred in holding that the defendant was estopped from denying liability in an action by the FDIC to collect on an assumption agreement.

The FDIC, as receiver for the Penn Square Bank, seeks to collect $35,000 from the defendant based on an assumption agreement executed by the defendant and a limited partnership drilling venture. Under the terms of the agreement, defendant assumed up to $35,000 of the partnership's debt to the bank. The agreement was financed by a $35,000 letter of credit on defendant's account issued by Penn Square

Bank and naming the bank as beneficiary. Defendant then became a limited partner in the drilling venture to the extent of his $35,000 "investment" and conveyed a security interest in this partnership interest to the bank as security for the letter of credit.

Penn Square Bank was declared insolvent on July 5, 1982 and placed in receivership. The partnership thereafter defaulted on its loan obligations to the bank, and the FDIC, as receiver, brought this action to collect from defendant under the assumption agreement. Defendant denies liability under the assumption agreement. He claims that the bank intended that the partnership interest be partial consideration for his job with the bank, and that he had an agreement with the bank that he would not be obligated under the assumption agreement. The purpose of the agreement, according to the defendant, was to create a tax deductible debt obligation with which he could shelter some of his income.

The district court held that, under the doctrine set forth in *D'Oench, Duhme and Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), defendant was estopped from denying liability on the assumption agreement, and that the FDIC was therefore entitled to summary judgment as a matter of law. Defendant appeals, claiming that the estoppel doctrine of *D'Oench, Duhme* is inapplicable in this case.

■ The *D'Oench, Duhme* estoppel doctrine is well-settled and has been expanded and codified by statute. *See* 12 U.S.C. § 1823(e). The district court correctly held that the facts of this case fall squarely within the doctrine. The doctrine is based on "a federal policy to protect [the FDIC], and the public funds which it administers, against misrepresentation as to the securities or other assets in the portfolios of the banks which [it] insures or to which it makes loans." *D'Oench, Duhme*, 315 U.S. at 457, 62 S.Ct. at 679. It is undisputed that the assumption agreement at issue in this case was carried on the books of Penn Square Bank as a real asset. The agreement was, on its face, valid and enforce-able, and made no mention of corresponding obligations on the part of the partnership or the bank. It is irrelevant whether the defendant knew that the agreement would effectively overstate the bank's assets. "[O]ne who gives such a note to a bank with a secret agreement that it will not be enforced must be presumed to know that it will conceal the truth from the vigilant eyes of the bank examiners." *D'Oench, Duhme*, 315 U.S. at 460, 62 S.Ct. at 680.

The agreement in this case created a facially valid obligation on the part of the defendant to pay the bank $35,000 in the case of a default by the partnership. As the Supreme Court stated in *D'Oench*, 315 at 459, 62 S.Ct. at 680, [p]ublic policy requires that a person who, for the accommodation of the bank, executes an instrument which is in form a binding obligation, should be estopped from thereafter asserting that simultaneously the parties agreed that the instrument should not be enforced."

■ The facts of this case are not remotely similar to either of the two cases on which defendant relies. In addition, he makes no reasoned argument why either Congress or the Supreme Court is likely to alter this well-established doctrine. We therefore find the appeal in this case to be legally frivolous. *See Gattuso v. Pecorella*, 733 F.2d 709, 710 (9th Cir.1984) (an appeal is frivolous where "the result is obvious and the arguments of error are wholly without merit"). Such meritless appeals are a burden on the federal court system and justify the exercise of our discretionary power to award attorney's fees and double or single costs against litigants who prosecute frivolous appeals. *See* Fed. R.App.Proc. 38; *Clark v. C.I.R.*, 744 F.2d 1447 (10th Cir.1984); *United States v. Rayco, Inc.*, 616 F.2d 462 (10th Cir.1980).

We affirm and order that the defendant be assessed double costs and $500 in attorney's fees.