**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Successor in Interest and Receiver for Crescent Federal Savings Bank, Plaintiff,**

v.

**Aristide F. LeFEVE, Jr., Defendant.**

**Civ. A. No. S87–0011(R).**

United States District Court, S.D. Mississippi, S.D.

Dec. 29, 1987.

■

E. Howell Crosby, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for plaintiff.

R. Wayne Woodall, Gulfport, Miss., for defendant.

## MEMORANDUM OPINION

DAN M. RUSSELL, Jr., District Judge.

This cause is before this Court on Motion of the plaintiff, the Federal Savings and Loan Insurance Corporation (hereinafter referred to as the "FSLIC"), for Summary Judgment against the defendant Aristide F. LeFeve, Jr. (hereinafter referred to as "LeFeve"), pursuant to Rule 56 of the Federal Rules of Civil Procedure. The plaintiff contends that there is no genuine issue as to any material fact and that as a matter of law summary judgment should be granted in its favor. The motion for summary judgment was filed by the plaintiff on December 4, 1987. Pursuant to the Uniform Local Rules for the United States District Courts for the Southern District of Mississippi, specifically Rule 8(d), the defendant LeFeve had ten (10) days in which to respond. As of the date of this opinion, the ten day period, as computed by Rule 6 of the Federal Rules of Civil Procedure, has run and the defendant LeFeve has not responded.

A careful review of the pleadings and the submitted affidavits and memorandum of law moves this Court to find the following uncontroverted Findings of Fact and Conclusions of Law.

## FINDINGS OF UNCONTROVERTED FACTS

On June 19, 1986, pursuant to 12 U.S.C. § 1464(d)(6)(A), the Federal Home Loan Bank Board (hereinafter referred to as the "FHLBB") appointed the FSLIC as sole receiver for Crescent Federal Savings Bank, a federally-chartered mutual savings bank, the accounts of which are insured by the FSLIC. On June 20, 1986, the Receiver took over Crescent Federal Savings Bank (hereinafter referred to as "Crescent"). The FSLIC as Receiver succeeded to all of the rights, title, powers and privileges of Crescent subject to the applicable provisions of law and regulations and orders of the FHLBB, including but not limited to 12 U.S.C. § 1729, and 12 C.F.R. § 547 and § 549 (1986). The FSLIC as Receiver has the power and duty to collect all obligations and money owed to Crescent. 12 C.F.R. § 549.3(2); 12 U.S.C. § 1729(d). The district courts have original jurisdiction over civil action brought by the FSLIC as Re-

ceiver without regard to the amount in controversy. 12 U.S.C. § 1730(k)(1).

On January 9, 1987, the FSLIC filed this suit to collect the balance due and owing under the terms of a promissory note executed simultaneously with a collateral deed of trust in favor of Crescent, as mortgagee, in certain real property located in Harrison County, Mississippi. The Deed of Trust was dated December 19, 1984, and filed for record and recorded in Deed of Trust Book 197 at Pages 541–544 in the office of the Chancery Clerk of the Second Judicial District of Harrison County, Mississippi. The property had been foreclosed on September 8, 1986, under the terms and conditions of the said Deed of Trust.

The FSLIC seeks in its complaint in this action and summary judgment the deficiency due on the note after the foreclosure sale, plus attorney's fees as provided in the note of fifteen percent (15%) as an attorney had to be employed to collect the amount owing under the note.

The defendant LeFeve included in his answer to the complaint what he termed a "cross-claim" against Hollis C. Thompson (hereinafter referred to as "Thompson") alleging that as a trustee acting as agent for the FSLIC, Thompson improperly conducted a foreclosure sale of the property in issue. This Court granted by Order dated September 30, 1987, summary judgment in favor of Thompson.[1] This Court held that Thompson, a practicing attorney, duly licensed to practice law in the State of Mississippi and appointed as Substituted Trustee by the FSLIC, properly conducted a foreclosure sale on September 8, 1986, under the terms and conditions of the Deed of Trust in issue.[2] Thompson performed his duties in good faith, acting fairly to protect the rights of all parties equally, and strictly complied with the guidelines set out in § 89–1–55 of Miss.Code Ann. (1972) which provides for the selling of land under mortgages and deeds of trust. The property was struck off by Thompson to an agent for the FSLIC, Charliene Roemer, who made a bid of $260,000.00.

## CONCLUSIONS OF LAW

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Once the movant shows the Court that it is entitled to summary judgment as a matter of law, the burden shifts to the resisting party to show why summary judgment is not proper. *Nicholas Acoustics and Specialty Co. v. H & M Construction Co.*, 695 F.2d 839, 844 (5th Cir.1983). The non-movant is then obligated to present competent evidence setting forth specific facts to illustrate the existence of a genuine issue of material fact for trial. *Id.* The resisting party may not create a genuine dispute simply by alleging that a dispute exists. *Id.* "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. *If he does not so respond, summary judgment, if appropriate, shall be entered against him.*" Fed.R.Civ.P. 56(e) (emphasis added). "[B]are bones allegations are insufficient to withstand summary judgment because the opposing party 'must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard, et al. v. City of Greenwood, Miss., et al.*, 783 F.2d 1311, 1315 (5th Cir.1986) (citing *Nicholas*

---

**1.** This Court also granted by Order dated July 28, 1987, summary judgment in favor of the FSLIC dismissing the defendant's counterclaim against the plaintiff.

**2.** The Deed of Trust in issue, dated December 19, 1984, is described and recorded in Deed of Trust Book 197 at Pages 541–544 of the Records of Mortgages and Deeds of Trust on Lands on file in the Office of the Chancery Clerk of the Second Judicial District of Harrison County, Mississippi.

*Acoustics & Specialty Co. v. H & M Construction Co., Inc.,* 695 F.2d 839, 845 (5th Cir.1983)). Again, the defendant has not responded.

The United States Supreme Court recently addressed the law as regards summary judgments in *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265, 273–74 (1986), stating:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. '[T]h[e] standard [for granting summary judgment] mirrors the standard for directed verdict under Federal Rule of Civil Procedure 50(a)....' *Anderson v. Liberty Lobby, Inc.,* [477] U.S. [242], 250, 106 S.Ct. [2505], 2511, 91 L.Ed.2d [202], [213] (1986).

*See also, St. Amant v. Benoit,* 806 F.2d 1294 (5th Cir.1987).

The defendant LeFeve, as the non-moving party, must submit affirmative evidence that negates an essential element of the FSLIC's claim or, alternatively, demonstrate that the FSLIC's evidence is insufficient to establish an essential element of its claim. *Celotex Corporation v. Catrett,* 477 U.S. at 329–36, 106 S.Ct. at 2556–2559, 91 L.Ed.2d at 278–281 (Brennan, J., dissenting).

The defendant has taken no action whatsoever in this Motion for Summary Judgment, and the Court finds no evidence reasonably affording an inference to sustain the non-moving party LeFeve's position.

*Professional Managers v. Fawer, Brian, Hardy & Zatzkis,* 799 F.2d 218, 223 (5th Cir.1986).

What does appear before the Court is the proof that the FSLIC, as Receiver of Crescent, is the holder of the Deed of Trust Note (the "Note") in the sum of $317,000.00, which was executed on December 19, 1984, by LeFeve bearing interest at the rate of 13.75% per annum, computed on the unpaid principal balance. In the Note, the defendant also agreed to a late payment penalty of $15.00 on any past due monthly installment note received when due. The Note also provided for attorney's fees of 15% of the amount sought to be collected in the event it became necessary to collect any amounts due under the note.

The plaintiff has submitted, in addition to the copy of the Note, the affidavit of Malcolm P. Crow, a Special Representative of the FSLIC, as Receiver for Crescent. In Crow's affidavit, he states that LeFeve failed to make the agreed payments under the Deed of Trust in issue and, pursuant to said Deed of Trust, the FSLIC accelerated the obligation due under the Note. Attached to Crow's affidavit as Exhibit "1" is a Schedule which provides the amount due on the Note to the FSLIC as of November 23, 1987, was as follows:

| | |
|---|---|
| Principal Amount Due | $190,930.93 |
| Accrued Interest ($21.47 per diem) | 9,468.27 |
| Late Fees | 81.61[ |
| Total | $200,480.81 |

Also due are attorney's fees of 15% as provided for under the terms and conditions of the Note.

The plaintiff makes reference in its memorandum in support of its motion for summary judgment that the defendant's answer to the complaint asserted as affirmative defenses several unwritten and unrecorded agreements between LeFeve and Crescent. However, the plaintiff submits, and the Court agrees, that the Note is clear and unambiguous and that the defendant does not point to any written agreement which modified the Note or made it a contingent obligation. The defendant is precluded from admitting parol evidence to contradict the clear language of the Note.

*See Valley Mills, Division of the Merchants Company, Inc. v. Southeastern Hatcheries of Mississippi, Inc.*, 145 So.2d 698, 702 (Miss.1962).

The defendant further submits that LeFeve's defense (Answer, Defenses Second —Eleventh), based on an alleged unwritten and unrecorded agreement, presents a classic case for the application of the doctrine established in *D'Oench, Duhme & Co., Inc. v. Federal Deposit Insurance Corporation*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), which precludes the defendant from asserting an oral side agreement as a defense to payment of notes held by the Federal Deposit Insurance Corporation (the "FDIC") and the FSLIC. In *D'Oench*, the FDIC sought to enforce the terms of a promissory note, but the makers asserted the defense of failure of consideration and the defense that there was an agreement that no demand for payment would ever be made on the note. The Court found the Federal Reserve Act, 12 U.S.C. § 264(s) and 12 U.S.C. § 264(y) applied and concluded that federal policy "protects [the FDIC], and the public funds it administers against representations as to the securities or other assets in the portfolios of the banks which [it] insures or to which it makes loans," and barred the debtors from asserting their defenses. *D'Oench*, 315 U.S. at 457, 62 S.Ct. at 679, 86 L.Ed. at 962. The court held that a debtor who lends himself to a scheme or arrangement that would tend to mislead bank examiners cannot raise any terms or conditions of that scheme or arrangement as a defense against the FDIC in a suit on the note. *See Federal Savings & Loan Insurance Corporation v. Hickey*, Civil Action No. 86–3091 (E.D.La. September 18, 1987) [Available on WESTLAW, 1987 WL 17329]; *Federal Deposit Insurance Corporation v. McClanahan*, 795 F.2d 512, 515 (5th Cir.1986). The holding in *D'Oench*, as applicable to the FDIC, was subsequently codified by Congress in 12 U.S.C. § 1823(e).

Although Section 1823(e), by its own terms, only applies to the FDIC, the *D'Oench* doctrine nevertheless survives as an independent basis for protecting both the FDIC and the FSLIC. *FSLIC v. Hick-*ey, supra; *Lupin v. Federal Savings & Loan Insurance Corporation*, Civil Action Nos. 85–5896, 86–0828, 86–1126 (consolidated) (E.D.La. March 31, 1987) [Available on WESTLAW, 1987 WL 9106]; *Federal Savings & Loan Insurance Corporation v. LeFeve*, Civil Action No. 86–4228 (E.D.La. Feburary 27, 1987) [Available on WEST-LAW, 1987 WL 39336]; *Federal Savings & Loan Insurance Corporation v. 3–Way Investments*, Civil Action No. 85–4323 (E.D.La. September 18, 1986) [Available on WESTLAW, 1986 WL 20433]; *Federal Savings & Loan Insurance Corporation v. HSI*, 657 F.Supp. 1333 (E.D.La.1986). As stated in *FSLIC v. HSI, supra*, the cases decided under Section 1823(e) are persuasive authority in interpreting the *D'Oench* doctrine:

.... § 1823(e) is not binding here even though the common law doctrine of *D'Oench* is. By its own terms, the statute only applies to the FDIC. But the cases decided under the statute are persuasive authority in this case, because they indicate the likely direction of the *D'Oench* doctrine in the Fifth Circuit. That is, they indicate the direction the Fifth Circuit would take in its interpretations of *D'Oench* by indicating the direction it *has taken* in interpreting *D'Oench*'s statutory counterpart. (emphasis in original)

*FSLIC v. HSI, supra*, at 1338.

Thus, the *D'Oench* doctrine is a rule of estoppel which prevents those who give notes to federally insured institutions from raising defenses based on alleged oral agreement that they had with the officers of failed institutions with regard to enforceability of promissory notes, and applies to all those who lend themselves to secret agreements with these institutions. The one who lent himself to such a side agreement is the one who could have avoided the loss.

The *D'Oench* doctrine has also been used to bar other defenses by the maker of a note against the FDIC and FSLIC, including fraud in the inducement, securities fraud, failure of consideration, usury, and estoppel. *See Federal Deposit Insurance Corp. v. McClanahan*, 795 F.2d 512 (5th

Cir.1986); *Federal Deposit Insurance Corporation v. Investors Associates X, Ltd.*, 775 F.2d 152 (6th Cir.1985); *Federal Deposit Insurance Corporation v. Van Laanen*, 769 F.2d 666 (10th Cir.1985); *Federal Deposit Insurance Corporation v. First National Finance Company*, 587 F.2d 1009 (9th Cir.1978); *Lupin v. FSLIC*, Civil Action Nos. 85–5896, 86–0828, 86–1126 (consolidated) (E.D.La. Mar. 31, 1987); *Federal Deposit Insurance Corporation v. Vestring*, 620 F.Supp. 1271 (D.C.Kan. 1985).

Moreover, *"D'Oench* estops the maker of a note from asserting *any* defense arising out of [a] fraudulent scheme, including representations made by another participant in the scheme." *FDIC v. Investors Associates X, Ltd.*, 775 F.2d 152, 156 (6th Cir. 1985) (emphasis added).

As the court pointed out in *HSI, supra*, fraud by the lending institution does not alter the fact of knowing participation in the misleading arrangement:

> ... federal banking authorities must be able to enforce notes in accordance with their written terms, even in the face of wrongdoing by a failed bank, in order to ensure the smooth administration of bank insurance and avoid panic. I find that *D'Oench* estoppel must extend to cases in which defendants assert defenses of fraud in the inducement by a failed bank against the FSLIC when it seeks to enforce the promissory notes of failed savings and loan associations.

*FSLIC v. HSI, supra*, 657 F.Supp. at 1338. Thus, even innocent victims acting in good faith are not spared when the *D'Oench* doctrine applies. "[T]he banking policy of the United States as manifested in *D'Oench* and its progeny is clear: those who deal with banks must bear the risk of transactions that would tend to defeat the rights of deposit insurers like the FSLIC." *FSLIC v. HSI, supra*, at 1338.

Nor does lack of intent to defraud on the part of the debtor after the fact of the debtor's participation, since *"D'Oench* bars defenses based upon fraud and misrepresentation even in cases in which the maker of the note acts in good faith." *FSLIC v.*

*Hickey*, Civil Action No. 86–3091, Slip op. at 6 (E.D.La. September 18, 1987) [Available on WESTLAW, 1987 WL 17329]. In *Hickey, supra*, the Court used the *D'Oench* doctrine to preclude a defense similar to the one asserted here. Rejecting the defense, the Court stated:

> ... Although I must assume Hickey did not intend to mislead the Crescent's regulators, his agreement to sign a note based on an oral representation or promise which impaired the value of the note was likely to mislead those examiners. Therefore, Hickey's affirmative defenses, whether based on fraud or breach of contract may not be asserted against the FSLIC.

*Hickey, supra*, slip op. at 6, 7.

In *Federal Deposit Insurance Corporation v. Castle*, 781 F.2d 1101 (5th Cir.1986), the court held that the defendants were precluded from asserting that guarantee forms were not completed according to an oral agreement. Quoting *Federal Deposit Insurance Corporation v. Hatmaker*, 756 F.2d 34 (6th Cir.1985), the Fifth Circuit said:

> The purpose is to protect the FDIC from hidden agreements that would defeat its interest in what is otherwise a facially valid note. Such hidden agreements would prevent the FDIC from accurately valuing assets and from making informed decisions on how best to handle a bank's insolvency. The current concern is thus with agreements that are not made part of the note. That such an agreement might have been fraudulently induced is immaterial; what is important is that the borrower voluntarily entered into such a side agreement.... That the side agreement may have been breached is inconsequential.

781 F.2d at 1107.

This rule has even been extended to bar the use of a written agreement as a defense to the promissory note where the written agreement is not referenced in the note or the lender's records. In *Lupin v. FSLIC, supra*, the FSLIC brought a motion for summary judgment dismissing or striking defendant's affirmative defenses

and counterclaims of fraud, misrepresentation and violation of the federal and state security laws pursuant to the *D'Oench* doctrine. Defendant contended that *D'Oench* was not applicable because of a written partnership agreement allegedly altering the terms of the note. The court rejected defendant's argument and wrote:

> Although not secret the partnership agreement was a separate collateral agreement by which the FSLIC is not bound when it purchases bank loans and loan documents. 'The policy supporting FDIC protection in a collateral agreement situation applies equally to all situations in which the maker's defense is based on something, representations or conduct, outside the note itself.' *Federal Deposit Ins. Corp. v. MM & S Partners*, 626 F.Supp. 681 at p. 687 (N.D.Ill. 1985). The FSLIC is seeking to enforce a facially valid note and mortgage imposing a collateral obligation on the maker to pay a sum certain amount to the bank.

█ This Court is of the opinion that the *D'Oench* doctrine bars the defenses raised by the defendant in his answer to the complaint alleging that an unwritten and unrecorded agreement with Crescent relieves him of his obligations under the terms of the Note. Therefore, the plaintiff is entitled to judgment as a matter of law on the amount owing in the note as well as on the attorney's fees as provided in the note.

#### ORDER

This cause having come before the Court on Motion of the plaintiff, the Federal Savings and Loan Insurance Corporation, for Summary Judgment, and the Court, having carefully considered the submitted affidavits, memorandum of law, and pleadings, is of the opinion that the plaintiff's motion is well taken and should be granted for the reasons set forth in the Court's Memorandum Opinion dated December 29, 1987, incorporated herein by reference.

THEREFORE, IT IS ORDERED AND ADJUDGED that the Motion of the plaintiff, Federal Savings and Loan Insurance Corporation, for Summary Judgment is hereby GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that judgment shall be entered in accordance with the foregoing Memorandum Opinion and Order pursuant to Rule 58 of the Federal Rules of Civil Procedure and Rule 9 of the Uniform Local Rules of the United States District Court for the Southern District of Mississippi.