**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff-Appellee,**

v.

**James J. CASSIDY, Defendant-Appellant.**

**No. 87CA0684.**

Colorado Court of Appeals, Div. I.

June 29, 1989.

As Modified on Denial of Rehearing Aug. 24, 1989.

Holland & Hart, James J. Gonzales, Brian Muldoon and William E. Murane, Denver, for plaintiff-appellee.

Lynn Chapman Greene, Denver, for defendant-appellant.

RULAND, Judge.

Defendant, James J. Cassidy, appeals that part of a summary judgment in favor of plaintiff, Federal Deposit Insurance Corporation (FDIC), for principal and interest due on two promissory notes. He argues that the trial court erred in determining that his affirmative defense of fraud was barred by 12 U.S.C. § 1823(e) (1982). He further argues that there remains a material issue of fact as to the amount due on the promissory notes. He does not appeal from that part of the summary judgment determining his liability for repayment of amounts due on a check guarantee card agreement. We affirm in part, reverse in part, and remand with directions.

Richard Schultz, who had borrowed up to his lending limit at the Aurora Bank (Bank), asked Cassidy, his co-worker, to sign a promissory note in favor of the Bank. Cassidy agreed and signed an unsecured promissory note in the principal amount of $42,500 payable to the Bank. The note contained a provision for interest at "2% over ... Denver prime rate, currently 13.00%." Cassidy received the proceeds of the loan in the form of a check, which he immediately endorsed and tendered to Schultz. In return, Schultz executed an unsecured promissory note payable to Cassidy in the principal amount of $42,500 plus interest at 15%.

Subsequently, Schultz asked Cassidy to sign another note payable to the Bank. Cassidy agreed and signed another $60,000 unsecured promissory note payable to the Bank, with interest at "2% over ... Denver prime rate, currently 12.50%." Cassidy deposited the proceeds of the loan into his checking account and issued a check to Schultz for $50,000. In return, Schultz executed a promissory note payable to Cassidy in the principal amount of $50,000 plus interest at 14.50%.

Thereafter, when the $42,500 note was due, Cassidy executed a renewal note payable to the Bank in the principal amount of $42,500. The note contained a provision for interest at "2% over ... Denver prime rate, currently 11.50%." Cassidy has not paid principal or interest on either the $42,500 renewal note or the $60,000 note.

In May 1985, after making a demand on Cassidy, the Bank brought this present action for principal and interest due on the $42,500 renewal note and the $60,000 note. The Bank also sought, pursuant to the notes, attorney fees and costs.

However, on November 1, 1985, the Banking Board of the State of Colorado ordered the Bank closed and appointed the FDIC as a receiver. The FDIC thereafter undertook the financing of a purchase and assumption transaction pursuant to 12 U.S.C. § 1823(c)(2)(A) (1982), in which all the deposit liabilities and most of the assets of the Bank were assumed by another FDIC-insured bank. The FDIC in its corporate capacity purchased some of the assets, including the notes upon which this action is based. The FDIC subsequently was substituted as plaintiff in this lawsuit and moved for summary judgment. The trial court granted the motion.

I.

Cassidy contends that the trial court erred in determining that his affirmative defense of fraud was barred by 12 U.S.C. § 1823(e). That statute provides:

"No agreement which tends to diminish or defeat the right, title or interest of the [FDIC] in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the [FDIC] unless such agreement: (1) shall

be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank."

We perceive no error in the trial court's ruling.

### A.

Cassidy first argues that § 1823(e) does not bar his affirmative defense of fraud if the FDIC had knowledge of the asserted defense when it acquired the notes. We disagree.

*Langley v. FDIC*, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987) is dispositive. There, the court held that the FDIC's knowledge of an "agreement" within the scope of § 1823(e) is not relevant to whether the section applies to bar the agreement. The court determined that an affirmative defense of fraud in the inducement was an "agreement" within the scope of § 1823(e). The court further ruled that, absent documentation required by the section, the defense of fraud in the inducement would be barred even if the FDIC had knowledge of the misrepresentation before it purchased the note. Thus, the trial court correctly ruled that § 1823(e) barred Cassidy's affirmative defense of fraud in the inducement.

### B.

■ Cassidy next argues that § 1823(e) does not bar his affirmative defense of "fraud in the factum." *See* § 4–3–305(2)(c) C.R.S. However, even assuming that the alleged fraud in this case may be so characterized, because this issue was not raised in the trial court, Cassidy is precluded from raising it on appeal. *See Matthews v. Tri-County Water Conservancy District*, 200 Colo. 202, 613 P.2d 889 (1980).

### II.

Cassidy maintains that the trial court erred in granting summary judgment when there existed a material issue of fact as to the amount due on the promissory notes. We agree.

### A.

■ Cassidy argues that the FDIC's memorandum brief, which contains the amount claimed as interest due, was legally insufficient to establish the interest due on the promissory notes. We agree.

Under C.R.C.P. 56(c), summary judgment is proper only when the pleadings, affidavits, depositions, or admissions on file establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708 (Colo.1987). The moving party bears the burden of establishing that there are no triable issues of material fact. *Kaiser Foundation Health Plan v. Sharp*, 741 P.2d 714 (Colo.1987). And, following a review of the relevant documents, if any doubts remain as to whether a fact issue exists, the motion must be denied. *Ginter v. Palmer & Co.*, 196 Colo. 203, 585 P.2d 583 (1978).

Here, while the FDIC attached the promissory notes to its pleadings, the determination of the applicable interest rate cannot be made from the faces of the instruments. *See* § 4–3–106(1), C.R.S. That determination can only be made by reference to the Denver prime rate. The FDIC's motion for summary judgment contains no supporting documentation concerning the applicable rate. And, because the FDIC's memorandum brief, which contains the amount claimed as interest, was not verified, the trial court erred in granting summary judgment on the issue of interest due on the promissory notes. *See Mishek v. Stanton*, 200 Colo. 514, 616 P.2d 135 (1980).

### B.

■ Cassidy next argues that there existed a material issue of fact concerning

whether payments were made on the notes. We agree.

Here, the FDIC met its initial burden in an affidavit and in Cassidy's deposition by establishing that no payments had been made by Cassidy on the notes. The burden thus shifted to Cassidy to establish a triable issue of fact. *Continental Air Lines, Inc. v. Keenan, supra.*

We conclude that Cassidy sustained his burden through Schultz's affidavit. This affidavit reflects that during the relevant time period, the bank made loans to Schultz and another friend of Schultz in order to service other loans by the bank to Schultz. The affidavit also reflects that a bank officer advised Cassidy that $50,000 of the proceeds of the $60,000 note "would be used to pay principal and interest payments due on the $42,500 loan." This statement would be admissible evidence at trial. *See Westland Distributing, Inc. v. Rio Grande Motor Way, Inc.,* 38 Colo.App. 292, 555 P.2d 990 (1976); *see also Taylor–Reed Corp. v. Mennen Food Products, Inc.,* 324 F.2d 108 (7th Cir.1963).

Resolving all doubts in favor of Cassidy, as we must, we conclude that a triable issue of fact remains as to whether payment was in fact made on the initial $42,500 note and thus what amount may be due on the $42,500 renewal note. Thus, entry of summary judgment on this issue was error.

We have considered the FDIC's argument relative to the timeliness of Cassidy's notice of appeal, and we conclude that the notice was timely filed.

The summary judgment is reversed in all respects, except as to Cassidy's liability on the $60,000 note and the credit card agreement, and the cause is remanded for determination as to whether the $42,000 renewal note has been paid in whole or in part, and for determination of the applicable interest rate on each of the notes for which Cassidy is liable or is found liable.

TURSI, Judge, concurs.

HUME, Judge, concurs in part and dissents in part.

HUME, Judge, concurring in part and dissenting in part.

I agree with the disposition of issues in Part I and Part II A of the majority's opinion. However, I disagree with the majority's determination that the trial court erred in granting summary judgment for the principal amount of the $42,500 promissory note executed by Cassidy.

Once a summary judgment movant makes a convincing showing that genuine issues of fact are lacking, C.R.C.P. 56(e) requires the opposing party to demonstrate by affidavit or otherwise, the existence of relevant and specific facts that present a genuine factual controversy. *McLaughlin v. Allen,* 689 P.2d 1169 (Colo.App.1984). C.R.C.P. 56(e) requires that affidavits supporting or opposing a summary judgment motion be made on personal knowledge, and that they set forth facts admissible as evidence.

Schultz's affidavit, from which the majority gleans the existence of material issues of disputed fact concerning the $42,500 note, contains no averments based upon his personal knowledge that payments were made on that note. Schultz's averments reflect only his speculation that a payment on the $42,500 note might have been made. Moreover, his averments rest solely upon hearsay representations purportedly made by bank officers that they intended to use proceeds from other loans to keep his existing loans current. Schultz did not aver, nor could he testify, that such proceeds were in fact applied to pay principal or interest on the Cassidy notes.

Accordingly, I would affirm the summary judgment as to the principal amount of both of the loans because defendant did not demonstrate the existence of any admissible evidence of facts tending to show payment of either of those obligations. I would limit the reversal to the issue of the amount of interest accrued, and direct further proceedings only as to that issue.