**Larry J. REISIG, Plaintiff–Appellant,**

v.

**RESOLUTION TRUST CORPORATION, in its capacity as Receiver for Colorado Savings and Loan Association, Defendant–Appellee.**

No. 90CA0228.

Colorado Court of Appeals,
Div. IV.

Jan. 31, 1991.

Michael S. Kupecz, Aurora, for plaintiff-appellant.

Holland & Hart, Brian Muldoon and James P. Enright, Denver, for defendant-appellee.

Opinion by Judge ROTHENBERG.

Plaintiff, Larry J. Reisig, appeals the summary judgment entered in favor of defendant, Resolution Trust Corporation, (RTC) as receiver for Colorado Savings and Loan Association. We affirm.

In May 1986, plaintiff executed a loan commitment, promissory note, and loan rider with Colorado Savings. Plaintiff received a $486,750 loan to improve his residential rental property located on Del Mar Parkway. The loan commitment and promissory note provided for a fixed interest rate. However, the loan rider which amended and supplemented the promissory note provided for a variable interest rate.

Plaintiff also executed a deed of trust securing payment of the note. It provided that Colorado Savings was entitled to collect any insurance proceeds arising from claims on the Del Mar property.

In July 1987, plaintiff executed a $370,000 promissory note in favor of Colorado Savings for a loan to improve residential rental property located on Dallas Street. This second note provided for a fixed interest rate for the first year and a variable interest rate thereafter.

In January 1989, a fire destroyed the Del Mar property, and plaintiff's insurance company paid him approximately $46,000.

Plaintiff then defaulted on both notes. Colorado Savings foreclosed on the Del Mar property and bid $212,500, leaving a deficiency of $335,510.

In May 1989, plaintiff sued Colorado Savings for fraud, fraudulent concealment, negligent misrepresentation, and promissory estoppel. He also sought declaratory relief for fraud in the inducement and equitable estoppel. Plaintiff claimed that he entered into both loan agreements based upon verbal representations by a Colorado Savings loan officer that both loans would eventually provide him with long term fixed rate assumable financing.

Colorado Savings then failed, and Federal Savings and Loan Insurance Corporation (FSLIC) was appointed conservator. The FSLIC counterclaimed against plaintiff and sued for the unpaid amounts loaned to plaintiff and also for the fire insurance proceeds paid to him.

In November 1989, Resolution Trust Corporation was substituted for FSLIC. RTC moved for summary judgment which was granted. Plaintiff's motion for amendment of the judgment to include a $46,000 reduction and a $486,750 credit was denied.

I.

A.

■ Plaintiff first argues that the trial court erred in granting defendant's motion for summary judgment based on the doctrine enumerated in *D'Oench, Duhme & Co., Inc. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). We disagree.

In *D'Oench*, the United States Supreme Court held that the maker of a note was estopped from asserting as a defense

against the Federal Deposit Insurance Corporation (FDIC) the fact that the maker had an alleged oral agreement which excused payment. The Supreme Court's decision was based on federal policy which was to protect the FDIC from misrepresentations regarding the genuineness or integrity of securities held by the banks it insured.

The *D'Oench* ruling has spawned a progeny of cases which now protect federal banking authorities from all claims and defenses based upon unwritten agreements, whether or not these claims and defenses might otherwise be allowed. These barred claims and defenses include those alleged by plaintiff Reisig.

In *Mainland Savings Ass'n v. Riverfront Ass'n, Ltd.*, 872 F.2d 955, 956 (10th Cir.1989), the court stated:

"In *D'Oench* ... the Supreme Court established that the debtor's signing of a facially unqualified note subject to an unwritten and unrecorded condition constitutes an arrangement which is likely to mislead federal insurers in contravention of the policy to protect them in their evaluation of financial institutions....

. . . .

"[T]he *D'Oench* doctrine survives as an independent basis for protecting the FSLIC from undisclosed agreements..... Consequently, the defenses which may be asserted against federal banking authorities seeking to collect assets of insolvent financial institutions are limited."

Subsequent decisions have held that the *D'Oench* ruling applies even if a maker's conduct was innocent and even if the bank's conduct was wrongful. *See FSLIC v. LeFeve*, 676 F.Supp. 764, 769 (S.D.Miss. 1987):

"Thus, even innocent victims acting in good faith are not spared when the *D'Oench* doctrine applies. [T]he banking policy of the United States ... is clear: those who deal with banks must bear the risk of transactions that would tend to defeat the rights of deposit insurers like FSLIC.... *D'Oench* bars defenses based upon fraud and misrepresentation even in cases in which the maker of the note acts in good faith."

Here, plaintiff Reisig signed facially unqualified promissory notes subject to alleged verbal agreements that contradict their terms. The trial court properly ruled that *D'Oench* bars plaintiff from asserting such defenses against the RTC. *See Castleglen, Inc. v. Commonwealth Savings Ass'n*, 728 F.Supp. 656 (D.Utah 1989).

### B.

■ Plaintiff next argues that *D'Oench* does not apply because he is an innocent party and there is a failure of consideration. We disagree.

In *FDIC v. Meo*, 505 F.2d 790 (9th Cir. 1974), the court held that a note maker who is unaware of the bank's wrongful actions may be an innocent party and may assert a failure of consideration defense. There, plaintiff executed a promissory note to purchase bank's common stock; however, the bank instead issued voting trust certificates without plaintiff's knowledge. Thus, plaintiff was held to be an innocent party and allowed to assert a failure of consideration defense.

Here, however, plaintiff Reisig is not an "innocent party" as defined by the holding in *Meo* because he knew of the bank's representations and participated in the arrangement. *See Bowen v. FDIC*, 915 F.2d 1013 (5th Cir.1990) (*D'Oench* applies even if the borrower acted in good faith).

Further, there was no failure of consideration as to Reisig since he received all sums in the promissory notes. *See FDIC v. First National Finance Co.*, 587 F.2d 1009 (9th Cir.1978) (if loan proceeds are paid in full, there is no failure of consideration); and *FSLIC v. Musacchio*, 695 F.Supp. 1044 (N.D.Cal.1988) (no failure of consideration where defendant received the total amount called for in the promissory notes).

### C.

Plaintiff next argues that the *D'Oench* doctrine does not apply because the alleged

misrepresentations constituted fraud in the factum. However, since plaintiff did not raise the issue of fraud in the factum in the trial court, he is precluded from raising it on appeal. *See FDIC v. Cassidy,* 779 P.2d 1382 (Colo.App.1989).

## II.

Plaintiff next argues that parol evidence should have been admitted to explain his agreement with Colorado Savings because the relevant documents were ambiguous. We disagree.

■ If an instrument is clear in its terms, complete, and free from ambiguity, extrinsic evidence will not be permitted to modify it. *American Mining Co. v. Himrod–Kimball Mines Co.,* 124 Colo. 186, 235 P.2d 804, 806 (1951).

■ On May 29, 1986, Reisig signed three documents. The first, a loan commitment letter for the Del Mar loan, provided that Reisig would execute two other documents, a promissory note, and a loan rider. The documents must be examined together.

The loan commitment letter and the promissory note provide that the interest rate would be *fixed;* however, the loan rider provides for a *variable* interest rate.

Importantly, the loan commitment letter does not constitute the loan. *The promissory note and loan rider constitute the loan* and are the dispositive documents here. And, although the promissory note contains a fixed interest rate, the loan rider specifically amends and supplements the promissory note to make the interest rate variable *unless and until* the promissory note is purchased by the Federal Home Loan Mortgage Corporation (FHLMC).

Thus, the promissory note and the loan rider are consistent and unambiguous and require no parol evidence. *See American Mining Co. v. Himrod–Kimball Mines Co., supra.* Read together, they clearly state that the interest rate would be governed by the loan rider and would be variable, *unless and until* FHLMC bought the note. If and when FHLMC bought the note, the interest rate would be the fixed rate in the promissory note.

In any event the *D'Oench* doctrine also bars the admission of parol evidence. *See FSLIC v. Homes International Development Corp.,* 721 F.Supp. 290 (S.D.Fla.1989) (court will not consider written or oral extrinsic evidence because to do so would vitiate the rule under *D'Oench;* a party must prevail on the promissory note standing alone).

## III.

Plaintiff next argues that the trial court erred in entering summary judgment for defendant and awarding defendant the fire insurance proceeds. We disagree.

C.R.C.P. 56(c) provides that summary judgment:

"shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

When a motion for summary judgment is submitted and supported by an affidavit, an adverse party may not rest on the mere allegations of his pleadings, but must by affidavit or otherwise set forth specific facts showing there is a genuine issue for trial. C.R.C.P. 56(e); *GTM Investments v. Depot, Inc.,* 694 P.2d 379 (Colo.App.1984).

Counsel cannot raise a genuine issue simply by means of argument; the contention must be supported in accordance with the requirements of C.R.C.P. 56. *Bauer v. Southwest Denver Mental Health Center, Inc.,* 701 P.2d 114 (Colo.App.1985).

■ Here, defendant included the affidavit of the person who was vice president, general counsel, and corporate secretary of Colorado Savings and Loan Association with the motion for summary judgment. The affiant stated that on January 5, 1989, a fire destroyed the Del Mar property, that the insurer paid Reisig $46,000, and that Reisig failed to turn the insurance proceeds over to Colorado Savings and Loan, FSLIC,

or RTC as required under the terms of the deed of trust.

Plaintiff failed to file an affidavit or any other documentation in response. Although plaintiff's counsel argued that plaintiff was unavailable to file an affidavit and that, as an officer of the court, he had provided facts known to him which would have been the subject of Reisig's affidavit, this is insufficient to withstand defendant's motion. *See Commercial Industrial Construction, Inc. v. Anderson*, 683 P.2d 378 (Colo.App.1984) (affidavits opposing motion for summary judgment must be based on personal knowledge).

Accordingly, the trial court properly concluded that there was no genuine issue as to any material fact to support plaintiff's claim, and summary judgment on this issue was proper.

In view of this disposition, we need not address plaintiff's contention that the trial court erred in denying his motion to amend the judgment to award him the fire insurance proceeds.

### IV.

Plaintiff's final argument is that the trial court erred in denying his motion to amend the judgment to credit him $486,750. We disagree.

Under C.R.C.P. 60(a):

"Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party...."

Here, the Return and Order Approving Sale erroneously reflected a bid amount of $486,750. However, the trial court subsequently executed an Amended Return and Amended Order Approving Sale that reflected the true bid amount of $212,500. Therefore, plaintiff's argument that he is entitled to a credit based upon a bid amount of 486,750 is without merit.

The judgment is affirmed.

METZGER and DAVIDSON, JJ., concur.