21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Hugh HOOD, Plaintiff-Appellant,
v.
RESOLUTION TRUST CORPORATION, ENMR Telephone Cooperative,
Inc., Clifford Cone, Hobbs, City of, N.M.,
Defendants-Appellees.
 No. 93-2260.
 United States Court of Appeals, Tenth Circuit.
 March 17, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Hugh Hood, debtor in possession, filed an adversary proceeding in the bankruptcy court against Resolution Trust Corporation (RTC) and others to protect and gather assets of the bankruptcy estate. Count I of the adversary complaint sought declaratory relief and asserted that: RTC waived its sovereign immunity under 11 U.S.C. 106(a)[2]; RTC's claims to the assets at issue are to be offset by the estate's claims to those assets under 11 U.S.C. 106(b)[3]; the D'oench Duhme doctrine ( D'Oench Duhme & Co. v. FDIC, 315 U.S. 447 (1942)) is a form of sovereign immunity waived by the RTC; and, 12 U.S.C. 1823(e)[4] is a codification of the D'Oench Duhme doctrine and a form of sovereign immunity waived by the RTC.
 
 
 3
 RTC filed a motion to dismiss Count I on the ground that it failed to state a claim upon which relief can be granted. The bankruptcy court granted the motion to dismiss, concluding that the D'Oench Duhme doctrine and 1823(e) encompass the law of estoppel and, as such, are not waived by 11 U.S.C. 106(a). The district court affirmed.
 
 
 4
 On appeal, appellant Hood contends that the bankruptcy court erred (1) in granting the motion to dismiss when the undisputed allegations of fact clearly established that Count I of the Complaint set forth a meritorious claim upon which relief could be granted regarding RTC's waiver of its sovereign immunity under 11 U.S.C. 106(a), (2) in granting the motion to dismiss when the allegations of fact within the Complaint clearly established that Count I set forth a meritorious claim upon which relief could be granted regarding Hood's right of offset against the RTC's claims under 11 U.S.C. 106(b), (3) in concluding that the D'Oench Duhme doctrine is not a form of sovereign immunity, and (4) in its conclusion of law that 12 U.S.C. 1823(e) is not a form of sovereign immunity.
 
 
 5
 Our standard of review of an order granting a motion to dismiss for failure to state a claim upon which relief can be granted is de novo, Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1551 (10th Cir.1992), and we must treat all material allegations of the complaint as true. Riggs v. City of Albuquerque, 916 F.2d 582, 584 (10th Cir.1990), cert. denied, 499 U.S. 976 (1991).
 
 
 6
 We agree with the bankruptcy court and the district court that there is no case or controversy between the parties.
 
 
 7
 RTC has never claimed sovereign immunity in these proceedings, nor has it contended that 106 does not waive sovereign immunity in bankruptcy proceedings as set forth in that section. Thus, there is no controversy between the parties relative to the provisions of 11 U.S.C. 106(a) or (b).
 
 
 8
 The bankruptcy court and the district court correctly concluded that D'Oench and 1823(e) are estoppel doctrines, lacking attributes of sovereign immunity, which, when properly proved, estop the assertion of certain defenses and claims. These courts properly rejected Hood's argument that 106's waiver of sovereign immunity also waives RTC's use of the D'Oench Duhme doctrine to bar his claims because the D'Oench Duhme doctrine is based on sovereign immunity. The district court correctly held:
 
 
 9
 Sovereign immunity bars law suits from being initiated against the United States government unless the government has consented to being sued. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks, 960 F.2d 911, 913 (10th Cir.1992). The D'Oench Duhme doctrine, however, bars only certain defenses and affirmative claims, not suits. Castleglen, 984 F.2d at 1577. [ Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571 (10th Cir.1993) ]. Also, the D'Oench Duhme doctrine can extend to non-governmental successors-in-interest. Newton v. Uniwest Financial Corp. 967 F.2d 340, 347 (9th Cir.1992). Finally, and most importantly, the D'Oench Duhme doctrine is a well-settled doctrine of estoppel. Federal Deposit Ins. Corp. v. Van Laanen, 769 F.2d 666, 667 (10th Cir.1985). See also In Re Woodstone Ltd. Partnership, 133 B.R. 678, 685 (Bankr. E.D. N.Y.1991), reversed on other grounds, 149 B.R. 294 (E.D. N.Y.1993) (D'Oench Duhme decision applied equitable estoppel). Based on the above description of sovereign immunity and the D'Oench Duhme doctrine, I cannot find that the D'Oench Duhme doctrine is one of sovereign immunity. Consequently, 106 does not bar the RTC from asserting the D'Oench Duhme doctrine. The Bankruptcy Court, therefore, correctly found that Count I failed to state a claim upon which relief could be granted.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 11 U.S.C. 106(a) provides that "A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose."
 
 
 [3]
 11 U.S.C. 106(b) provides that "There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate."
 
 
 [4]
 12 U.S.C. 1823(e) provides that:
 No agreement which tends to diminish or defeat the interest of the Corporation [RTC] in any asset acquired by it under this section or section 11 [12 U.S.C. 1821], either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement -
 (1) is in writing,
 (2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
 (3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
 (4) has been continuously, from the time of its execution, an official record of the depository institution.