## No. 11,757.

### INDUSTRIAL COMMISSION, ET AL. *v.* WEAVER.

Decided March 21, 1927.

Proceeding under the workmen's compensation act. Judgment for claimant.

### *Affirmed.*

1. LIMITATION OF ACTIONS—*Statute.* A statute of limitations pertains to the remedy only. Its essential attribute is to limit the time within which an action may be brought.

2. WORKMEN'S COMPENSATION—*Statutes—Construction.* Section 62, page 579, S. L. '17, providing that disability beginning more than five years after an accident shall be presumed not to be due to the accident, is not a statute of limitations, but one creating an arbitrary rule of evidence.

3. WORDS AND PHRASES—*Beginning.* ''Beginning'' signifies commencement; entrance into existence; initial state of anything.

4. WORKMEN'S COMPENSATION—*Disability—Recurrence.* Where a claimant suffered a disability by reason of an accident, for which he was awarded and paid compensation, eventually signing a final receipt therefor, section 62, page 579, S. L. '17, did not bar him from recovering further compensation for a recurrence of the disability, although the latter took place more than five years from the date of the accident.

*Error to the District Court of San Miguel County, Hon.
Straud M. Logan, Judge.*

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN
S. BREITENSTEIN, Assistant, for plaintiffs in error.

Messrs. BURGESS & ADAMS, for defendant in error.

*Department One.*

MR. JUSTICE. WHITFORD delivered the opinion of the
court.

THIS was an action to set aside an award of the in-
dustrial commission denying compensation to plaintiff.
The district court set the award aside and held that com-
pensation should be granted, as allowed by the referee.
To review that judgment the case is here on error.

The claimant was injured on July 31, 1917, while in
the employ of The Western Colorado Power Company.
The accident occurred while the claimant was working
as a lineman at the top of an electric light. pole which
broke at the base, throwing the claimant to the ground.
The claimant was seriously crushed and suffered in-
ternal injuries, resulting in hemorrhages of the stomach.
His injuries required two surgical operations, one in
Grand Junction in October, 1917, and the other in Den-
ver in 1918.

In harmony with the provisions of the act, an agree-
ment between the insurer and the claimant was made,
with the approval of the industrial commission, and com-
pensation was allowed at $8.00 per week, and to continue
during disability.

In January, 1919, the claimant signed a final receipt,
with the understanding with the insurance carrier that
by so doing it should not deprive him of his right to
further compensation upon a recurrence of disability.

There was a recurrence of the hemorrhages of the stomach in October, 1924, and this condition of the claimant continued to the date of the hearing before the referee on May 27, 1926. The referee found there was a recurrence of disability, and that claimant's disability as a working unit was fifty per cent, and made a supplemental award granting compensation.

The insurance fund contended that the claim could not be reopened because of the terms of the statute, which provides: "Any disability beginning more than five years from the date of the accident shall be conclusively presumed not to be due to such accident." S. L. 1917, sec. 62, p. 579.

On review of the award, the industrial commission stated: "That the recurrence of claimant's disability occurred more than five years after his accident, and the claim for further compensation was not filed within five years, as required by law," and denied the supplemental award.

The district court set aside the order of the industrial commission denying further compensation, and ordered the commission to award compensation as provided in the supplemental award of the referee.

The sole question raised for our solution is the construction to be placed upon the above statute, that is, whether the recurring disability of the claimant is barred by the terms of the act. This provision raised for our consideration is not a statute of limitation, as contended by the Attorney General. A statute of limitation pertains to the remedy only. Its essential attribute is to limit the time within which an action may be brought. Not so here. The manifest purpose of the statute before us is to create an arbitrary rule of evidence. The industrial commission, under the statute, cannot infer a causal connection between an accident and a disability "beginning" more than five years after the accident. The statute makes the presumption conclusive that a dis-

ability, having no existence for more than five years after an accident, cannot arise out of or be due to such accident. No matter what the testimony of expert or non-expert witnesses might be as to the connection between the accident and the disability, the statute forbids the commission the authority to find the fact to be, after the lapse of more than five years, that the disability had its beginning or origin in such a remote accident.

But the disability of the plaintiff did not have its ''beginning'' five years after the accident. ''Beginning'' signifies commencement; the entrance into existence; the initial state of anything. The disability here had its commencement and initial existence in July, 1917. It is a recurring disability of a previous existing disability, established by agreement between the insurer and claimant and approved by the commission. The ''beginning'' of the disability of plaintiff was coexistent with the accident, and the insurer and the commission so recognized it and awarded the claimant compensation. When the disability recurred, its cause and beginning had already been established according to law, to the satisfaction of the insurer, the commission and the claimant. We cannot interpret this statute as though the word ''recurring'' appeared before the word ''disability.'' A recurring disability, such as here, is an entirely different thing from a ''disability beginning more than five years from the date of the accident.''

Our conclusion is that the statute did not constitute a bar to reopening the claim for further compensation.

The judgment of the district court is therefore affirmed.

MR CHIEF JUSTICE BURKE, MR. JUSTICE DENISON, and MR. JUSTICE CAMPBELL, sitting for MR. JUSTICE SHEAFOR, concur.