**FEDERAL DEPOSIT INSURANCE CORPORATION, a corporation, Plaintiff,**

v.

**Don FARRIS, William Bush, Don Ellis, Leon Farris, Loren Jennings, and Charles Portwood, Defendants.**

**No. CIV-88-2289-A.**

United States District Court, W.D. Oklahoma.

Oct. 17, 1989.

Donna N. Blakley, Watson & McKenzie, Oklahoma City, Okl., Jack M. Englert, Jr., and Geraldine A. Brimmer, Holland & Hart, Denver, Colo., for plaintiff.

Robert F. Bourk, Ben F. Meek, III, Garland Bloodworth, Carl F. Wemhoener, Bloodworth & Associates, John B. Hayes, Suzanne Broadbent, Looney Nichols Johnson & Hayes, Elizabeth Riley Castleberry,

---

and Terry W. Tippens, Fellers Snider Blankenship Bailey & Tippens, Oklahoma City, Okl., for defendants.

Charles Portwood, Lanesville, Ind., pro se.

## ORDER

ALLEY, District Judge.

The defendant Don Ellis ("Ellis") has moved to dismiss the complaint, claiming that the plaintiff, Federal Deposit Insurance Corporation ("FDIC"), did not file within the statute of limitations. After review of the briefs and the relevant law, the Court denies Ellis' motion.

■ The FDIC has correctly identified the two-step procedure to determine the statute of limitations for actions against officers and directors of a failed financial institution. First, the Court must determine whether the cause of action was still alive under state law when the FDIC assumed its position as receiver. If so, then the federal statute of limitations begins to run on the date the FDIC first could sue on the claim, i.e. the date the FDIC became receiver. *FDIC v. Hudson,* 673 F.Supp. 1039, 1041 (D.Kan.1987).

The Oklahoma statute of limitations provides two years for tort claims, and three years for implied or oral contract claims. Okla.Stat.Ann. tit. 12, § 95(2), (3). The federal statute allows three years for tort claims, and six years for contract claims. 28 U.S.C. § 2415(a), (b).

■ The Court must first determine whether Oklahoma's statute of limitations had run when the FDIC stepped in as receiver on August 6, 1987. To do so though, we must consider the FDIC's argument that the statute should not begin to run until the board of directors no longer controls the financial institution. This has been called the adverse domination theory, and has been recognized in the Western District of Oklahoma, as well as in other courts. "The rationale behind this theory

is that the wrongdoers cannot be expected to bring an action against themselves. Only when a new entity takes control of the bank, be it a receiver or a new board of directors, can suit against the wrongdoers be brought as a practical matter." *Hudson,* 673 F.Supp. at 1042; *see FDIC v. Williams,* 599 F.Supp. 1184 (D.Md.1984); *see also* Order of Jan. 12, 1988, *FDIC v. Bryan,* CIV–85–1627–R, Western District of Oklahoma (adopting the adverse domination theory as federal common law for purposes of determining when federal claim accrued).

The adverse domination theory is reasonable and necessary for the protection of shareholders, creditors and depositors of financial institution, and this Court follows the lead of other federal courts adopting the theory. Thus, the Oklahoma statute of limitations could not have begun to run until December 31, 1985, the date when Ellis resigned and after which no defendant in this case could have controlled the board of directors.[1]

The FDIC became receiver for Security State Bank of Roosevelt on August 6, 1987. The two-year statute of limitations for tort action would not have run until December 31, 1987, and so the claim had not died under Oklahoma law when the FDIC took over the bank. On August 6, 1987, the federal three-year statute under 28 U.S.C. § 2415 began to run. The first amended complaint was filed March 27, 1989, well within the federal three-year period. Thus, inclusion of Ellis as a defendant is not time-barred.

Because we find the FDIC has filed its first amended complaint in a timely manner, we need not reach or address the issue of the tolling agreement.

The motion to dismiss by Ellis is denied.

It is so ordered.

---

**1.** Ellis admits at p. 8 of his brief that this is the latest date at which any cause of action could have accrued.