**FEDERAL DEPOSIT INSURANCE COR-PORATION, in its corporate capacity, and Federal Deposit Insurance Corporation, as Receiver of The Bank of Bronson, Plaintiff,**

v.

**THAYER INSURANCE AGENCY, INC., Tharp Oil Company, Lee L. Tharp, Irene C. Tharp, Alan T. Tharp, Teri L. Tharp, the Board of County Commissioners of Wilson County, Kansas, CIT Financial Services, and Centerre Bank of Kansas City, Defendants.**

Civ. A. No. 90–2301–V.

United States District Court, D. Kansas.

Nov. 14, 1991.

Frank D. Menghini, Rosemary Podrebarac, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., for plaintiff.

Edward W. Dosh, Law Offices of Edward W. Dosh, Parsons, Kan., for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case comes before the court on the Motion and Corresponding Argument and Authority to Dismiss Counts 1 Through 6 (Doc. 14) of plaintiff's complaint filed by defendants Thayer Insurance Agency, Inc., Tharp Oil Company, Lee L. Tharp, Irene C. Tharp, Alan T. Tharp, and Teri L. Tharp. Plaintiff has responded and opposes the motion. For the reasons stated below, defendants' motion to dismiss Counts 1 through 6 is denied.

The court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hospital Bldg. Co. v. Trustees of Rex Hospital,* 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976); *Mangels v. Pena,* 789 F.2d 836, 837 (10th Cir.1986). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.* The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

## I. BACKGROUND

Counts 1 through 6 of the complaint are brought by the Federal Deposit Insurance Corporation in its corporate capacity ("FDIC–Corporate"). FDIC–Corporate is seeking to recover money originally owed

to The First State Bank, Thayer, Kansas ("First State Bank"), under certain promissory notes and a guaranty agreement. FDIC–Corporate also seeks to foreclose on the assets pledged as security for the promissory notes which are covered by corresponding security agreements.

The FDIC in its capacity as conservator or receiver ("FDIC–Receiver") was appointed as receiver of First State Bank on August 22, 1984. On this same date, FDIC–Corporate purchased certain assets of the former First State Bank, including the notes and guaranty agreement which are the subject matter of Counts 1 through 6 of the complaint.

Count 1 involves a promissory note dated June 14, 1983, from Thayer Insurance Agency, Inc., for the principal amount of $25,006.00. The last monthly installment payment on this note was due on June 25, 1988. Count 2 involves a promissory note dated March 5, 1984, from Thayer Insurance Agency, Inc., for the principal amount of $25,000.00. The last installment payment on this note was due on March 31, 1985. Count 3 involves a promissory note dated June 20, 1984, from Thayer Insurance Agency, Inc., for the principal amount of $22,500.00. This note was payable on demand, or if no demand was made, then on September 30, 1984. Count 4 involves a guaranty agreement executed on March 25, 1983, by Teri L. Tharp, president of Thayer Insurance Agency, Inc., in favor of First State Bank. Under the terms of this guaranty, Teri L. Tharp guaranteed payment of all of the indebtedness of Thayer Insurance Agency, Inc., owing to First State Bank. Count 5 involves a promissory note dated September 28, 1983, from Tharp Oil Company, a partnership,[1] for the principal amount of $40,000.00. This note was payable on demand and the FDIC alleges that payment has been demanded. Count 6 involves a promissory note dated August 16, 1984, from Teri L. Tharp for the principal amount of $10,000.00. Payment on this note was due on November 14, 1984. FDIC–Corporate then filed suit on August

21, 1990, alleging that all of the above notes are now in default.

## II. STATUTE OF LIMITATIONS

In their motion to dismiss, defendants argue that the causes of action in Counts 1 through 6 of the complaint accrued on August 22, 1984, the date that FDIC was appointed receiver, and are barred by the Kansas five-year statute of limitations for written contracts, K.S.A. 60–511(1). FDIC–Corporate agrees that the claims accrued on August 22, 1984, but contends that federal law applies and that its claims are not barred, arguing that the six-year statute of limitations for the FDIC in its capacity as receiver, 12 U.S.C. § 1821(d)(14), should be applied. After determining which statute of limitations is appropriate, the court must then decide when the causes of action arose in order to determine whether plaintiff's claims are barred.

### A. FEDERAL LIMITATIONS PERIOD PREEMPTS STATE STATUTE

■ When a federal agency acquires a cause of action from a private party that is not already barred by the applicable state limitations period, the federal statute of limitations thereafter preempts the state limitations period and controls the litigation. *Federal Deposit Ins. Corp. v. Howse*, 736 F.Supp. 1437, 1444 (S.D.Tex. 1990) (citations omitted); *see also Federal Deposit Ins. Corp. v. Bachman*, 894 F.2d 1233, 1236 (10th Cir.1990) ("[t]he general rule is that '[w]here the government acquires a derivative claim ... and that claim is not then barred by the state statute of limitations, the state statute ceases to run against the government at the time of such acquisition.'") (quoting *United States v. Sellers*, 487 F.2d 1268, 1269 (5th Cir.1973)).

■ In order to determine whether FDIC–Corporate's claims are time-barred, the court, therefore, applies the two-step analysis found in *Federal Deposit Ins. Corp. v. Hudson*, 673 F.Supp. 1039 (D.Kan. 1987). First, the court must determine

---

**1.** The complaint alleges that Lee L. Tharp, Irene C. Tharp, Teri L. Tharp, and Alan T. Tharp were the partners of Tharp Oil Company at all relevant times.

whether the causes of action were time-barred under the applicable Kansas statute of limitations at the time the FDIC acquired the claims. *See, e.g., Guaranty Trust Co. v. United States,* 304 U.S. 126, 142, 58 S.Ct. 785, 793, 82 L.Ed. 1224 (1938) (a claim which has expired under state law cannot be revived by its transfer to a federal agency). Secondly, if the claims were still viable under state law at the time of transfer, the court then determines whether FDIC–Corporate filed suit within the applicable federal limitations period. *Hudson,* 673 F.Supp. at 1041.

■ Under the Kansas five-year statute of limitations for written contracts, K.S.A. 60–511(1),[2] First State Bank would have had five years from the date of maturity of each note in which to bring suit. Thus, the FDIC would have had to acquire its causes of action prior to September 28, 1988,[3] in order for all the claims in question to be viable under state law. Since the FDIC acquired its causes of action on August 22, 1984, the date the FDIC was appointed receiver of First State Bank, none of the claims were barred by the state statute of limitations prior to transfer of the claims.

## B. APPLICATION OF FIRREA TO FDIC–CORPORATE

Having established that the FDIC's claims were viable under state law at the time they were acquired, the court must next determine which federal statute of limitations applies to the claims.

In general, when the United States or one of its agencies brings an action for money damages on a contract 28 U.S.C. § 2415(a)[4] provides for a six-year limitations period from the date the right of action accrued. *See, e.g., Federal Deposit*

*Ins. Corp. v. Petersen,* 770 F.2d 141, 143 (10th Cir.1985) (six-year federal statute of limitations in 28 U.S.C. § 2415(a) applies to suits brought by FDIC–Corporate to recover against guarantors of promissory notes).

■ On August 9, 1989, Congress enacted the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), Pub.L. No. 101–73, 103 Stat. 183 (1989), which expressly amends the Federal Deposit Insurance Act, 12 U.S.C. §§ 1811, *et seq.* The governing statute of limitations for actions brought pursuant to FIRREA by the FDIC in its capacity as conservator or receiver is that provided by 12 U.S.C. § 1821(d)(14). Section 1821(d)(14)(A)(i) is an amended version of the limitations period found in 28 U.S.C. § 2415(a). Section 1821(d)(14) provides in pertinent part:

(A) Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be—

(i) in the case of any contract claim, the longer of—

(I) the 6–year period beginning on the date the claim accrues; or

(II) the period applicable under State law; [ ...]

(B) Determination of the date on which a claim accrues. For purposes of subparagraph (A), the date on which the statute of limitations begins to run on any claim described in such subparagraph shall be the later of—

(i) the date of the appointment of the Corporation as conservator or receiver; or

(ii) the date on which the cause of action accrues.

---

**2.** K.S.A. 60–511(1) provides that "[t]he following actions shall be brought within five (5) years: (1) An action upon any agreement, contract or promise in writing."

**3.** In general, a cause of action on a promissory note accrues on the date it matures. On a demand note, the date of maturity would be the date demand was made. In this case, the date of demand for the note in Count 4 is unknown. Therefore, for the purposes of this order only, the court will assume that demand was made on

the same day the note was executed, September 28, 1983. Based on this assumption, September 28, 1983, is the earliest date of maturity for any of the notes in question.

**4.** 28 U.S.C. § 2415(a) provides a six-year statute of limitations for "every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract...."

12 U.S.C. § 1821(d)(14), as amended by FIRREA § 212(d)(14).

Defendants argue that 12 U.S.C. § 1821(d)(14), as amended by FIRREA § 212(d)(14), applies only to actions brought by the FDIC as conservator or receiver. Since the FDIC is acting in its corporate capacity in this case, defendants contend that section 1821(d)(14) does not apply. The court concludes that section 1821(d)(14) applies equally to FDIC–Corporate.

FIRREA § 217 amends 12 U.S.C. § 1823 to provide in pertinent part:

> (d) Sale of assets to Corporation.
>
> (3) Rights and powers of Corporation.
>
> (A) In General. With respect to any asset acquired or liability assumed pursuant to this section, the Corporation shall have all of the rights, powers, privileges, and authorities of the Corporation as receiver under sections 11 and 15(b). [12 U.S.C. §§ 1821 and 1825(b)].

Thus, under section 1823(d)(3)(A), FDIC–Corporate has the same rights and powers as FDIC–Receiver, including application of the new limitations periods found in section 1821(d)(14) for suits brought by FDIC–Receiver. *Accord Howse*, 736 F.Supp. at 1445. Accordingly, the court finds that the statute of limitations in section 1821(d)(14) applies to FDIC–Corporate's causes of action in this case. Thus, FDIC–Corporate had six years from the date or dates of accrual of its claims in which to file suit.

## C. ACCRUAL OF THE CAUSES OF ACTION

Courts interpreting 28 U.S.C. § 2415 have split on when federal statutes of limitations begin to run on claims acquired by the FDIC. One line of cases holds that a cause of action does not accrue under § 2415 until the federal agency acquires the claim, usually the date of assignment or receivership. *Hudson*, 673 F.Supp. at 1041; *FDIC v. Former Officers & Directors of Metropolitan Bank*, 884 F.2d 1304, 1309 (9th Cir.1989), *cert. denied, Lee v. FDIC*, ——— U.S. ———, 110 S.Ct. 3215, 110 L.Ed.2d 662 (1990); *FDIC v. Hinkson*, 848 F.2d 432, 435 (3d Cir.1988); *FDIC v. Car-*

*dona*, 723 F.2d 132, 134 (1st Cir.1983); *FDIC v. Carlson*, 698 F.Supp. 178, 180 (D.Minn.1988); *FSLIC v. Burdette*, 696 F.Supp. 1196, 1200 (E.D.Tenn.1988); *FDIC v. Buttram*, 590 F.Supp. 251, 254 (N.D.Ala. 1984). Another line of cases holds that the cause of action accrues when the claim first becomes actionable, regardless of whether the government had acquired the right to bring the action at that time. *Petersen*, 770 F.2d at 143; *FDIC v. Greenwood*, 701 F.Supp. 691, 694 (C.D.Ill.1988); *United States v. Cardinal*, 452 F.Supp. 542, 544 (D.Vt.1978). The court in *Howse* concluded that FIRREA resolves this split of authority by expressly providing in section 1821(d)(14)(B) that the limitations periods in section 1821(d)(14)(A) begin to run on *the later of* (i) the date the FDIC is appointed as conservator or receiver, *or* (ii) the date the cause of action accrues. *Howse*, 736 F.Supp. at 1447.

■ As stated above, FDIC was appointed as receiver of First State Bank on August 22, 1984. On this same date, FDIC–Corporate purchased certain assets of the former First State Bank, including the assets involved in the present action, from FDIC in its capacity as receiver. FDIC–Corporate then brought suit on August 21, 1990.

Applying the express provisions of section 1821(d)(14)(B) to FDIC–Corporate's causes of action, the court finds that the promissory notes in Counts 1, 2, 3, and 6, matured after August 22, 1984, the date the FDIC was appointed as receiver. Therefore, the causes of action on these notes accrued on their respective dates of maturity and were timely filed. As for the demand note in Count 5, the date of maturity is unknown. Therefore, the court finds that FDIC–Corporate's cause of action on this note accrued on August 22, 1984, and was timely filed.

As for FDIC–Corporate's cause of action on the guaranty agreement in Count 4, the Tenth Circuit has held that when there is a continuing guaranty of several debts, a new cause of action on such a guaranty accrues as each underlying debt becomes due. *Federal Deposit Ins. Corp. v. Gallo-*

*way,* 856 F.2d 112, 116 (10th Cir.1988). The guaranty agreement covers the notes in Counts 1, 2, and 3. Since none of the causes of actions on these notes are time-barred, FDIC–Corporate's claim on the guaranty agreement is also timely.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion to dismiss (Doc. 14) is denied.

IT IS SO ORDERED.