**TIVOLI VENTURES, INC.,**
**Plaintiff–Appellee,**

v.

**Douglas TALLMAN, Defendant–**
**Appellant.**

**No. 91CA1904.**

Colorado Court of Appeals,
Div. III.

Oct. 22, 1992.

As Modified on Denial of Rehearing
Nov. 27, 1992.

Certiorari Granted June 7, 1993.

Drummond, Dougherty & Schwartz, Larry C. Schwartz, Pueblo, for plaintiff-appellee.

John Gelhausen, P.C., John Gelhausen, Lamar, for defendant-appellant.

Opinion by Judge ROTHENBERG.

Defendant, Douglas Tallman, appeals the summary judgment entered in favor of plaintiff, Tivoli Ventures, Inc. (Tivoli).

The issue before us is one of first impression in Colorado, namely: Whether a private party who is the assignee of a promissory note held by the FDIC as receiver is entitled to the benefits of the statute of limitations set forth in 28 U.S.C. § 2415 (1988). Because we hold that a private party-assignee is not so entitled, we reverse and remand with directions to enter judgment for defendant.

## I.

On June 26, 1981, defendant executed a promissory note in favor of First National Bank of Eads (Eads Bank). Defendant signed the note as an accommodation-maker. The note was due on December 28, 1981; however, it was not paid.

On February 14, 1985, the Federal Deposit Insurance Corporation (FDIC) accepted receivership of the Eads Bank.

On January 12, 1987, the FDIC assigned the note to Lease Finance, Inc. Under the terms of the assignment, Lease Finance acquired all right, title, and interest FDIC had in the note.

On August 8, 1989, Lease Finance assigned all its right, title, and interest in the note to plaintiff.

On August 17, 1990, plaintiff filed a complaint against defendant seeking monies due under the note.

Defendant filed a motion for summary judgment contending that the plaintiff's claim was barred by the six-year statute of limitations set forth in § 13–80–103.5(1)(a), C.R.S. (1987 Repl.Vol. 6A).

In opposition to the motion, plaintiff contended that: 1) when the FDIC took over the Eads Bank on February 14, 1985, the Colorado statute of limitations stopped running and the six-year statute of limitations set forth in 28 U.S.C. § 2415 (1988) began to run; 2) Lease Finance, as assignee of the note from FDIC, acquired all of FDIC's rights, title, and interest in the note including the right to bring an action within the federal statute of limitations period; 3) plaintiff, as assignee of Lease Finance, acquired all of Lease Finance's rights, title, and interest in the note including the right to bring an action within the federal statute of limitations period; and 4) the Colorado statute of limitations did not apply to this action. Thus, according to plaintiff, its cause of action was timely.

The court denied defendant's motion, concluding that the Colorado statute of limitations did not apply and that plaintiff's action was not barred. In reaching this conclusion, the court found that plaintiff, as assignee of the note, stepped into the shoes of its assignor and acquired the right to sue within the same statute of limitations as the FDIC.

Plaintiff then filed a motion for summary judgment, contending that since its cause of action was timely and defendant admitted he had not paid the note, summary judgment was proper. The court granted plaintiff's motion.

## II.

Defendant contends the trial court erred in concluding that plaintiff's action was governed by the federal six-year statute of limitations. We agree.

### A.

In Colorado, all actions for the enforcement of rights set forth in any instrument securing the payment of a debt must be commenced within six years after the cause of action accrues. Section 13–80–103.5(1)(a). A cause of action against the maker of a promissory note accrues on the day after maturity. *See Nagy v. Landau,* 807 P.2d 1227 (Colo.App.1990).

Here, defendant's note matured on December 28, 1981. Thus, a cause of action under the note accrued on December 29, 1981, and, under § 13–80–103.5(1)(a), the state statute of limitations expired on December 29, 1987. This is important because the state statute of limitations expired over two years before plaintiff filed its complaint against defendant.

Plaintiff contends, however, that when the FDIC assumed receivership on February 14, 1985, the federal statute, 28 U.S.C. § 2415, preempted the Colorado statute of limitations and a new six year period began to run. We agree with that portion of plaintiff's argument.

28 U.S.C. § 2415 provides:

Every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract, express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues.

When a federal agency acquires a cause of action from a private party that is not already barred by the applicable state statute of limitations period, the federal statute of limitations thereafter preempts the state limitations period and controls the litigation. *FDIC v. Thayer Insurance Agency, Inc.,* 780 F.Supp. 745 (D.Kan. 1991).

Here, the FDIC was appointed receiver of Eads Bank on February 14, 1985 and at that time, the Colorado statute of limitations had not yet run. Thus, on February 14, 1985, the state statute of limitations ceased to be applicable and a new six-year statute of limitations, as provided for in 28 U.S.C. § 2415, became controlling. *See*

*FDIC v. Thayer Insurance Agency, Inc., supra.* See also *FDIC v. Farris,* 738 F.Supp. 444 (W.D.Okla.1989) (period of statute of limitations began to run on the date the FDIC received assignment of the note rather than the date promissor defaulted on note).

### B.

Plaintiff also contends that when the FDIC assigned all its rights and interest in the note to Lease Finance, Lease Finance acquired the FDIC's right to sue within six years of February 14, 1985, the date it was appointed receiver. And, according to plaintiff, it acquired this same right when Lease Finance assigned all its rights to plaintiff. We disagree.

A statute of limitations pertains to remedies only. *See Industrial Commission v. Weaver,* 81 Colo. 191, 254 P. 444 (1927). It does not confer any right of action but is enacted to limit the time within which the right might be asserted. 54 C.J.S. *Limitations of Action* § 3 (1987).

A statute of limitations is generally considered to be procedural rather than substantive in nature. 54 C.J.S. *Limitations of Action* § 3 (1987). Its purpose is to promote justice by discouraging delay and prohibiting the prosecution of stale claims. *Colorado Springs v. Timberlane Associates,* 824 P.2d 776 (Colo.1992).

Plaintiff has cited only one case addressing the issue before us. *Mountain States Financial Resources Corp. v. Agrawal,* 777 F.Supp. 1550 (W.D.Okla.1991). The discussion by the Oklahoma court is brief. It basically concludes that general principles governing the rights of assignees and the public policy set forth in *D'Oench, Duhme & Co., Inc. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) support the private party's contention that it was entitled to the benefit of the federal statute. However, the ruling in *D'Oench* protects federal banking authorities from all claims and defenses based upon unwritten agreements and, accordingly, plaintiff's reliance on it is misplaced. *See Reisig v. Resolution Trust Corp.,* 806 P.2d 397 (Colo.App.1991).

Likewise, we are not persuaded that general principles of assignee law override the language of the federal statute. If statutory language is plain and its meaning clear, the statute must be applied as written. *See Great Western Exchange, Inc. v. Walters*, 819 P.2d 1093 (Colo.App.1991). Section 28 U.S.C. § 2415 applies only to actions "brought by the United States or an officer or agency thereof." Hence, since the action here was brought by plaintiff, a private party, we conclude that 28 U.S.C. § 2415 does not apply.

In the absence of any persuasive authority to the contrary, we hold that when the FDIC assigns a note to a private party, the private party does *not* acquire the right to sue within the time provided for in the federal statute of limitations. Instead, the private party's action is governed by the state statute of limitations.

Thus, we conclude that plaintiff's cause of action was governed by § 13–80–103.-5(1)(a) and that the statute of limitations expired on December 29, 1987. Plaintiff's action was barred when Lease Finance assigned the note to plaintiff on August 8, 1989, and when plaintiff filed its complaint against defendant. Accordingly, the trial court erred in granting plaintiff's motion for summary judgment.

The judgment is reversed, and the cause is remanded with directions to enter judgment in favor of defendants.

CRISWELL, J., concurs.

SMITH, J., specially concurs.

Judge SMITH specially concurs.

I agree with the ultimate result reached by the majority in this case. I write separately, however, in order to point out what I consider to be a fundamental flaw in the interpretation of 28 U.S.C. § 2415, which has been expressed by certain federal courts and is now adopted by the majority.

This federal statute, quoted in its entirety in the majority opinion, is, in my view, clear and unequivocal. It is nothing more than a general statute of limitations pertaining to all action for damages sounding in contract brought by "the United States

or an agency or officer thereof." In classic language, used by numerous legislatures in adopting statutes of limitation, it provides that, if such an action is not commenced by such entities or persons within a fixed period of time after the "right" to recover accrues, the action shall thereafter be barred.

I find nothing in the language of this statute that can, even remotely, be construed as evidencing an intent by the Congress either to pre-empt otherwise applicable state statutes of limitation or to supersede state substantive law determining when a particular cause of action accrues. I do not read its clear language as *conferring* any powers or rights on the United States; rather, I am convinced that its sole function is to *limit* the time within which those powers may be exercised. To construe the statute otherwise would be to determine that it is a substantive rather than a procedural statute. *See* 54 C.J.S. *Limitation of Actions, supra.*

In my view, when the United States becomes the holder, by assignment or otherwise, of a promissory note it can acquire no greater rights than those possessed by its assignor, or predecessor in interest, without an express congressional mandate to the contrary. Absent such congressional action, and none has been cited to us, there is no justification for treating the United States any differently than any other successor holder of the note.

Thus, if a note is executed in Colorado by a Colorado maker, and is payable in Colorado to a Colorado payee, then the Colorado statute of limitations applicable to an action on the note as well as the substantive law of Colorado governing the action's accrual, will govern irrespective of where the action is brought. This is because the parties to the note are deemed to have contemplated all applicable statutes and substantive case law as determinative of the scope and extent of their respective rights and liabilities when the note was executed. Any successor in interest to one of the parties must, therefore, take his or her interest subject to those same rights and liabilities.

Therefore, in summary, if this statute is merely a statute of limitations, as its language indicates, the six year bar is only a restriction upon the time within which the United States, or its offices and agents, must file suit if it has a contract claim. Such restriction governs even if there were no state statute of limitations barring the action, but is inapplicable after an appropriate state statute of limitations has run. Likewise, there is nothing in the federal statute to indicate that it could, or was intended to, toll a state statute of limitations. In other words, I would interpret the statute as providing that:

> Every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract, express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues. *[or, within such time limitation as shall be provided by state law, if the contract is entered into pursuant to the laws of such state, whichever is shorter.]*

For the foregoing reasons, I reject the rationale in section IA of the majority opinion, but would hold, as did the majority, that the appropriate statute of limitations, § 13–80–103.5(1)(a), C.R.S. expired during the time the note involved here was held by the United States and, thus, the plaintiffs, as subsequent assignees, acquired no enforceable claim. While that portion of the majority's holding I have addressed is not crucial to the result here, it may be vital in any future case if the United States attempts to enforce its rights under a note acquired by it after a default by the maker.